## Graff et al. *v.* Callahan, Appellant.

*Partnership—Defence—Affidavit—Statement—Practice, C. P.*

In an action by a partnership, where a rule of court provides that it shall not be necessary for plaintiffs to prove the partnership, unless the defendant file an affidavit with his plea denying its existence, defendant, who has failed to file such an affidavit, will not be permitted to allege that the statement and book accounts filed do not make out a prima facie case for plaintiffs because the person who swore to their correctness was not a partner.

*Implied contract—Goods delivered to family.*

If a person who has been in the habit of dealing at a store, notifies the proprietor of the store not to trust his family, but subsequently permits members of his family to procure from the store goods suitable for family use, and such goods are used in his family, he will be responsible for the payment of their value.

*Evidence—Competency of witness—Party dead—Act of May 23, 1887.*

Under the act of May 23, 1887, P. L. 158, § 5 (*e*), the son of a deceased partner, in an action by the surviving partners, may testify to occurrences in the lifetime of his father, other than conversations and transactions between the deceased personally and defendant.

Argued Oct. 11, 1893. Appeal, No. 101, Oct. T., 1893, by defendant, Michael Callahan, from judgment of C. P. Armstrong Co., Sept. T., 1881, No. 216, on verdict for plaintiffs, Graff & Firth, for use of Peter Graff & Co. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for goods sold and delivered. Before RAYBURN, P. J.

At the trial it appeared that defendant, a farmer, was in the habit of dealing at the store of Graff & Firth. On July 13, 1875, he went to the store expecting to find a balance due him of $100, but was informed that there was only a credit of $14.76 due him. Defendant became angry and notified the proprietors of the store not to charge him with anything more, and that he would quit dealing with them on credit. Defendant claimed that for everything which he subsequently bought at the store he paid cash. Evidence for plaintiffs tended to show that subsequently on the same day defendant directed

that the balance of his account should remain standing to his credit, and that he would permit his family to purchase things from the store for the family use. Subsequently large numbers of articles were procured from the store by various members of defendant's family.

At the time of the settlement in 1875, the store belonged to a partnership consisting of Peter Graff and Isaac Firth. In April, 1886, Firth withdrew from the firm, and Peter Graff took into partnership his son, E. D. Graff, and James Claypool, under the name of Peter Graff & Co. The statement with book account attached was sworn to by E. D. Graff.

Rule of court No. 40, § 5, provides that plaintiff shall not be permitted to give in evidence his book account " unless he shall file with his declaration a copy of his book entries . . . . verified by an affidavit setting forth " allegations as to correctness, etc.

Rule of court No. 3, § 1, provided : " In actions by or against partners it shall not be necessary for the plaintiff on the trial to prove the partnership, but the same shall be taken to be admitted as alleged on the record, unless one or more of the defendants shall, by affidavit filed with or before the plea entered by him or them, deny the existence of the partnership as alleged, and state to the best of their knowledge and belief whether there is any partnership in relation thereto."

Plaintiffs offered copy of account with affidavit attached. Mr. Patton : We object to it because the affidavit of the account does not purport to be made by the plaintiff in the case, and in fact has not been made by any of the plaintiffs in the case, but by E. D. Graff, and the affidavit does not show on its face any authority of E. D. Graff to make the affidavit, the rule of court requiring the affidavit to be made by the plaintiff. The Court : The rule of court being rule 40, § 5, objection overruled and exception. [1]

When Frank Graff, a witness for plaintiff, was on the stand, he was asked : Mr. Patton : " You are a son of Peter Graff's ? A. Yes, sir. Q. And are interested in his estate ? A. Yes, sir. Q. When did your father die ? A. He died on April 9, 1890. Mr. Patton : We object to the witness testifying to anything that occurred in the lifetime of Peter Graff, he being interested. Mr. Leason : We purpose to ask the witness concerning the item

of August 2, 1882, 181 pounds of wool, $59.73,—what he knows about it. Mr. Patton : We object to the witness testifying to anything that occurred in the lifetime of Peter Graff, except such conversation or matters in which Michael Callahan was interrogated about on his examination, Peter Graff being dead, and the witness being his son and interested in his estate, and therefore incompetent." Objection overruled, and exception. [4]

" A. I know that Mr. Callahan, there, and young Mike brought some wool up to the factory, and then came down to the store, had it charged to Mr. Callahan, and he told the book-keeper to credit the balance to his account."

The court charged in part as follows :

" [Now, under the rules of court, the book account having been filed with the declaration and made part of it, and an affidavit having been made of it, the plaintiff would, in offering that copy of the book account as filed before you, make out what is known in law as a prima facie case ; that is, if there was nothing said against that claim as it stood, the plaintiff would be entitled to recover as claimed in that book account.] [2] . . . .

" [Now, we will say to you, even if Michael Callahan did give to the plaintiff in this case a notice not to trust his family, that if afterwards he permitted his family to go there and get credit, and take produce from off the farm and pay for it, and that these goods went into his family with his knowledge, he would be responsible for the payment of *it; he is the head of the family, and he is bound to provide for that family.*] [5] . . . .

" [And you will take into consideration, in determining this case, whether or not the defendant is responsible for the payment of these goods. All the circumstances surrounding it show that the persons who got these goods were members of Michael Callahan's family at that time, and that the goods gotten were of a nature that would be required in a family ; that the credits allowed were just such things as would come from a farm, or a family who are dealing in a country store."] [6]

Plaintiff's point was among others as follows :

" 1. If the jury believe that Michael Callahan allowed credits on account of himself far in excess of the amount of the goods purchased personally, it is evidence from which the jury may find that the family of the defendant purchased goods at the

store of the plaintiff and from the plaintiff with his, the defendant's, knowledge and consent." Affirmed. [7]

Defendant's point was among others as follows:

" 1. That the affidavit to the plaintiff's claim in this case having been sworn to by E. D. Graff, who was not a member of the firm of Graff & Firth, and no reason being given in said affidavit why the same was made by a stranger to the record, it was not sufficient to make out a prima facie case for the plaintiff." Refused. [3]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1, 4) rulings on evidence, quoting bills of exception and evidence; (2, 3, 5–7) instructions, quoting them.

*W. D. Patton, J. W. King* with him, for appellant, cited: Hutchinson v. Woodwell, 107 Pa. 509; Griel v. Buckius, 114 Pa. 187; Act of June 11, 1891, P. L. 287; Roth's Est., 150 Pa. 261; Segelbaum v. Ensminger, 117 Pa. 248; Dawson v. Morris, 4 Yeates, 341; Horbach .v. Huey, 4 Watts, 455; Lockhart v. Power, 2 Watts, 371; T. & H. Pr. § 1595.

*M. F. Leason,* for appellees.—If the record did not sufficiently show that E. D. Graff was one of the plaintiffs, defendant proved it, thereby making the affidavit competent if it had not been in the first place: Laird v. Campbell, 100 Pa. 159.

Frank Graff testified to no matters between Peter Graff personally and defendant. The evidence was competent therefore: Act of May 23, 1887, P. L. 158, § 5 (*e*).

PER CURIAM, November 13, 1893:

An examination of this record has failed to convince us that there is anything in either of the specifications of error that requires a reversal of the judgment.

Judgment affirmed.